James S. Brown, J.
Motion by plaintiff to consolidate two actions, both of which were instituted by the movant.
In Action No. 1 the complaint contains several causes of action against the sole defendant therein, B. Dorman & Sons, Inc., hereinafter referred to as Dorman, for alleged breach of contract, fraud and conspiracy. The fifth cause of action therein alleges that Victor M. Calderon Co., Inc., hereinafter referred to as the Calderon Company, was the broker in the contract between the plaintiff and Dorman and also the agent for plaintiff and Dorman, and that the said Calderon Company and Victor M. Calderon and Jose M. Calderon conspired with Dorman to cause Dorman to breach its contract with the plaintiff.
Action No. 2 is brought against the said Calderon Company and the said two individual Calderons and the complaint therein reiterates that the Calderon Company was the broker in the said contract and prepared the said contract and caused Dorman to breach it and conspired to defraud the plaintiff by causing the plaintiff to purchase soya bean oil at a price in excess of the market price; and agreeing among themselves and with Dorman not to purchase olive oil as agreed to in the contract between the plaintiff and Dorman and by preventing Dorman from completing its contract.
Defendants in both actions object to any consolidation or a joint trial on the ground it would prejudice them and on the further ground that neither of the actions has any facts or ground in common and that the facts in the action against Dorman are highly complex and the documentation is voluminous.
A reading of the papers in opposition to the motion does not substantiate the claims of defendants that any substantial right would be prejudiced. On the other hand, because of the nature of the actions, and the fact that the defendants in both actions were parties to the negotiations terminating in the contract, or were brokers, or agents of the plaintiff and Dorman, and are charged with conspiring to defraud plaintiff by inducing plaintiff’s consent to the contract and preventing Dorman from fulfilling its obligations under the contract, it would appear that a single trial will be in the best interests of all parties since one judge will be trying both actions and will have the benefit of observing the parties and weighing their testimony. The claim that the facts are highly complex and the documentation volumi *587 nous is a reason for consolidation rather than denial thereof, since the actions are to be tried without a jury and the trial judge will have no difficulty in analyzing and evaluating same.
The motion for consolidation is granted.
Settle order on notice.